## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| W & T TRAVEL SERVICES, LLC<br>5887 Allentown Road<br>Camp Springs Maryland  20746<br><br><br>Plaintiff,<br><br>v.<br><br>PRIORITY ONE SERVICES, INC.,<br>6600 Fleet Drive<br>Alexandria, Virginia 22310<br><br>and<br><br>AMERICAN ARBITRATION<br> ASSOCIATION<br>1776 Eye Street, NW<br>Washington, D.C. 20006<br><br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. _____ |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, W & T Travel Services, LLC, ("W&T Travel"), by and through undersigned counsel, who files this complaint and states as follows:

## I

## NATURE OF THE ACTION

This is an action in which Plaintiff seeks intermediate judicial review and declaratory and injunctive relief from a recent Order of the Arbitration Panel of Defendant American Arbitration

Association ("AAA") in which AAA abused its discretion by ordering, and then issuing a

Protective Order, requiring W&T Travel to disclose its proprietary and confidential information,

including its trade secrets, directly to an employee of Defendant Priority One Services, Inc.

("Priority One"), the primary competitor of W&T Travel.   Intermediate relief is appropriate in

this matter because W&T Travel will suffer irreparable harm if it complies with the AAA's

Order, and Plaintiff has no other redress.   Waiting until the arbitration proceeding is over will be

too late.   Courts, including circuit courts of appeals, have permitted intermediate review of

arbitration rulings in situations where, as here, a panel's order may cause irreparable harm or

cause a manifest injustice.

Priority One is W&T Travel's chief competitor for a government contract with the

National Institutes of Health ("NIH") to deliver shuttle services for patients and employees on

the NIH campus. In fact, Priority One was on a team that competed against W&T Travel for the

contract Plaintiff was awarded in 2013.   If Plaintiff complies with the Panel's Protective Order,

W&T Travel will suffer irreparable harm and Priority One will gain an unfair competitive

advantage for the next competition of the contract, because the proprietary information contains

Plaintiff's unit prices, trade secrets, and competitive pricing strategy.   Such information is

traditionally protected from a competitor's direct access, but AAA's Panel has not followed such

course in the instant case.   Plaintiff offered to disclose such information to Priority One's outside

counsel and its outside expert, but such offer was rejected by the Panel.

Plaintiff asks that the AAA's Panel for this dispute be enjoined, temporarily,

preliminarily, and permanently, from enforcing its Order requiring W&T Travel to disclose its

proprietary and confidential commercial information, including trade secrets, directly to any

employee of Priority One, including its controller.  W&T Travel further requests that this Court declare that the AAA Panel's Order is arbitrary, capricious and contrary to law.

## RELEVANT BACKGROUND

1. W&T Travel is currently engaged in an arbitration proceeding with Defendant Priority One Services, Inc. ("Priority One").  Plaintiff challenged the arbitrability of the arbitration proceeding in this Court. *See W&T Travel Services, LLC v. Priority One Services, Inc.*, Case No. 13-1617 (2013).  This Court dismissed that Complaint in a decision dated September 25, 2014, holding that the Arbitration Panel ("Panel") had jurisdiction to decide the arbitrability issue. *Id.*  Plaintiff appealed that ruling and the case is currently pending before the U.S. Court of Appeals for the D.C. Circuit.

2. During the current arbitration proceeding, the Panel issued an Order directing Plaintiff to disclose to the controller of Priority One what constitutes W&T Travel's trade secrets, proprietary and confidential information  (including unit prices and pricing strategies).  W&T Travel used its trade secrets to defeat Priority One's Team in a federal government contract competition ("2013 Prime Contract").  The Panel has also ordered W&T Travel to disclose to Priority One's controller other competitive proprietary and confidential information of the Plaintiff.  The controller for Priority One is an *employee* of the Company, who reports to Priority One's principals, and who participates in competitive proposal decision-making in the company. Yet the Panel's only condition for the disclosure of Plaintiff's proprietary pricing information to the controller is that she signs a paper "promising" not to share such valuable information with anyone else in her company – even her bosses.

3. Plaintiff's disclosure of such information to its chief competitor will cause irreparable harm to W&T Travel and will give Priority One an unfair competitive advantage in a future competition of the same contract with Plaintiff, as it will then possess Plaintiff's trade secrets, unit prices and competitive pricing strategy. W&T Travel agreed to disclose such information to an outside expert through Defendant's outside counsel. However, such offer was rejected by the Panel. The Panel's reason for such ordering such disclosure is that it did not believe that the disclosure of such proprietary information would cause harm to Plaintiff.

4. However, Plaintiff's disclosure of such information would cause harm to W&T Travel and such harm would be irreparable. Plaintiff's pricing information and methodology was the discriminating factor between Plaintiff winning the contract and Defendant losing the contract with the National Institutes of Health ("NIH"). Plaintiff has confidentiality agreements with its employees not to disclose such information. Accordingly, W&T Travel seeks a declaratory judgment and injunctive relief ruling that W&T Travel is not required to share any of its trade secrets and proprietary and confidential business information with any employee of Priority One.

5. Plaintiff also wants this Court to enjoin the AAA's Arbitration Panel from ordering W&T Travel from disclosing its trade secrets, proprietary and confidential business information to Priority One's controller or to any other employee of Priority One and declare that the Order of the AAA's Panel is arbitrary, capricious and contrary to law.

## II

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter because: the case involves an issue involving a federal statute, pursuant to U.S.C. § 2201; the case involves a matter under the

Constitution of the United States pursuant to 28 U.S.C. § 1331; geographical diversity exists between the parties; Venue is proper under 28 U.S.C .A. § 1391(e) because the arbitration proceeding is being held in Washington, D.C.

## III

## PARTIES

7. W&T Travel, the plaintiff in this matter, is a small business that provides transportation services to the federal government and commercial companies. It is a limited liability company organized under the laws of the State of Maryland with its business located in Camp Springs, Maryland

8. Priority One, upon information and belief, provides transportation and other services to the federal government. It is a corporation organized under the laws of the state of Virginia with its offices located in Alexandria, Virginia.

9. The American Arbitration Association ("AAA") is a not-for-profit organization with offices throughout the U.S. AAA has a long history and experience in the field of alternative dispute resolution, providing services to individuals and organizations who wish to resolve conflicts out of court.

## IV

## BACKGROUND

10. In August 2008 W&T Travel was awarded a Prime Contract ("2008 Prime Contract") from the National Institutes of Health ("NIH"). Plaintiff entered into a Subcontract Agreement with Defendant on August 28, 2008, to have Priority One as W&T Travel's

subcontractor on the 2008 Prime Contract.  The 2008 Prime Contract was for one base year and four (4) one-year option years.

11.  In October 2009 Plaintiff terminated Priority One for breaching the Subcontract by failing to fulfill its obligations under the Subcontract.  Shortly thereafter, Priority One filed a demand for arbitration pursuant to an arbitration clause in the Subcontract.

12.  An arbitration proceeding between Plaintiff and Defendant was held in August 2010. At the end of the proceeding Arbitration Panel ("Panel") generally found that if Defendant breached the Subcontract, such breach was not material and issued an arbitration award dated October 18, 2010, in the amount of approximately $1.1 million in favor of Priority One.

13.  The Panel awarded Priority One lost profits damages for the Option Years 1 and 2, however, the Panel rejected Defendant's claims for lost profits damages for Option Years 3 and 4, ruling that such years had not been exercised by the NIH and that to award damages for such years would be highly speculative.

14.  On November 3, 2010, Priority One filed a petition to confirm the arbitration award with this Court. U.S. District Court for the District of Columbia, Civil Case No. 10-1873 (BAH).

15.  On January 18, 2011, W&T Travel filed a Motion to Vacate, Modify, and Correct Arbitration Award ("Motion to Vacate"), challenging the arbitration award.

16.  On August 23, 2011, this Court issued a Memorandum Opinion confirming the arbitration award in part and correcting the arbitration award in part.

17.  In an Order dated January 22, 2012, this Court entered "final judgment" in favor of Priority One.

18.  On February 17, 2012, Respondent filed a Notice of Appeal of this Court's Order.

After consideration of the appeal, the U.S. Court of Appeals for the District of Columbia Circuit issued a Mandate, dated May 3, 2013, which affirmed this Court in relevant part and further stated that "W&T could be right that the panel got each of these questions wrong, but so long as the panel 'was arguably construing or applying the contract,' a court must defer to the arbitrator's judgment.'"

19.  On or about October 8, 2013, Priority One filed a second demand for arbitration ("second demand"), even though the first arbitration decision stated that, "[t]his decision is a final Award as to all claims and the Claimant's motion for partial summary judgment, and other relief submitted to this arbitration.  All claims not expressly granted herein are hereby, denied."

20.  In its second demand Priority One essentially alleges that because Option Years 3 and 4 of the 2008 Prime Contract have been exercised since the first arbitration hearing that Defendant is somehow now due lost profits damages for those years.

21.  Despite the fact that Priority One was on a team that unsuccessfully competed against W&T Travel for the 2013 Prime Contract with NIH, which is essentially a follow-on contract to the 2008 Prime Contract, Priority One also alleges in its second demand that Defendant is due lost profits damages for the base year and Option Year 1 of the 2013 Prime Contract.

22.  W&T Travel refused to participate in the second arbitration and on October 23, 2013 filed a Complaint for Declaratory Judgment, Injunctive Relief and Damages. *See W&T Travel Services, LLC v. Priority One Service, Inc.*, Civil Case No. 13-1617 (2013).  Plaintiff sought a ruling declaring that Priority One's second arbitration demand was not valid due to: the finality of the first award; collateral estoppel;  res judicata;  and, waiver due to Defendant's "election of remedies" and "conduct of the parties."

23. On November 11, 2013, W&T Travel also filed a Motion to Stay the Arbitration Proceeding, as well as a Motion to Expedite the Ruling on August 13, 2014 and a Motion for Partial Summary Judgment on August 25, 2014. On November 12, 2013, Priority One filed a Motion to Compel Arbitration, or in the Alternative, Motion to Dismiss.

24. On September 25, 2014, this Court dismissed Plaintiff's Complaint, ruling essentially that the American Arbitration Association ("AAA") Arbitration Panel had the authority to rule on the issue of arbitrability and to decide all other legal and factual issues in the case.

25. On October 2, 2014, Plaintiff appealed this Court's ruling to the U.S. Court of Appeals for the District of Columbia Circuit, where the appeal is now pending.

26. On October 14, 2014, W & T Travel agreed to enter the second arbitration proceeding on a conditional basis to avoid a default judgment or some other unjust result. Plaintiff expressly indicated to the AAA and opposing counsel that it was not waiving its ongoing challenge to the authority of the Panel to resolve the dispute.

27. Plaintiff filed a Second Amended Answer to Priority One's second demand including affirmative defenses, such as finality, collateral estoppel, waiver, and limitation of liability. Plaintiff also filed a counterclaim and a Motion to Dismiss, or in the Alternative Summary Judgment.

28. The Panel declined to rule on Plaintiff's motions until after a hearing on the matter. Although W&T Travel agreed to limited discovery in the matter, Plaintiff did not agree to the Panel's Protective Order, because it permitted Priority One's in-house counsel to see W&T Travel's proprietary information with regard to the 2008 Prime Contract and the 2013 Prime Contract.

29.  Plaintiff indicated to the Panel that such Protective Order was contrary to protective orders issued by the U.S. General Accountability Offices ("GAO") for bid protests as well as protective orders issued by the U.S Court of Federal Claims.  Neither forum allowed proprietary information to be disclosed directly to a competitor of the disclosing party. W&T Travel even sent the Panel sample protective orders from such forums.

30.  W&T Travel indicated to the Panel that it would be willing to disclose such information on an "Attorney's Eyes Only" basis so long as the outside attorney was limited to disclosing such information to an outside damages expert who was also under the Protective Order, since W&T Travel's trade secrets, proprietary and confidential information included its unit prices as well as its competitive pricing strategy in winning the 2013 Prime Contract.

31.  Subsequently, the Panel held a telephonic hearing on the issue

32.  Priority One's counsel recommended having W&T Travel disclose its proprietary information to Defendant's controller and require her to sign a document prohibiting her from disclosing such information to anyone in the company or outside of the company.

33.  W&T Travel vehemently opposed such suggestion arguing that Defendant's controller was an employee of the company, whose boss was a principal of Priority One. Plaintiff further asserted that it was the controller who "crunched the numbers" for Priority One's proposals to the government and that she took part in the decision-making of proposal pricing.

34.  W&T Travel further argued that to disclose such proprietary information to the controller would be a direct disclosure to its primary competitor, who unsuccessfully competed for the same contract that Plaintiff won.

35. Furthermore, Plaintiff asserted that the Panel would be ordering W&T Travel to disclose the same information to Priority One that Plaintiff is alleging the Defendant tried to improperly obtain from W&T Travel's employees in a counterclaim against Priority One.

36. In an Order dated December 11, 2014, the Panel directed W&T Travel to disclose its proprietary information to Priority One's controller, as recommended by Priority One's counsel. The Panel essentially rationalized that W&T Travel would not be hurt by disclosing such information to Priority One's employee.

37. In an email dated December 11, 2014, Plaintiff strongly criticized the Panel's ruling for reasons already stated and asked the Panel to reconsider its ruling.

38. In an email dated, December 12, 2014, the Panel declined to reconsider its ruling.

39. On December 19, 2014, pursuant to a discovery order, Plaintiff turned over its 2013 Prime Contract with NIH but redacted its proprietary pricing information. The parties disagreed as to what the 2013 Prime Contract had to contain in order to comply with the discovery order.

40. On December 22, 2014, Priority One asked the Panel to order W&T Travel to remove the redactions from the contract. On that same day the Panel stated that it expected W&T Travel to comply with the discovery order and asked W&T Travel to acknowledge receipt of its email.

41. In an email, dated December 23, 2014, W&T Travel acknowledged receipt of the Panel's email but stated that it still strongly disagreed with that part of the Panel's Order which required Plaintiff to disclose its proprietary information directly to its competitor, Priority One. Plaintiff argued that to directly disclose such information to Priority One's employee would

cause irreparable damage to its company and would give Priority One an unfair competitive advantage in the re-competition of the same contract in 2018.

42. The primary reason for the irreparable harm to Plaintiff and the unfair competitive advantage to Defendant is the change in methodology that NIH used in the solicitation for the "Patient Shuttle Services" portion of the 2013 Prime Contract as opposed to the 2008 Prime Contract.

43. Priority One was tasked by W&T Travel to perform the "Patient Shuttle Services" part of the 2008 Prime Contract as Plaintiff's Subcontractor.   In the 2013 Prime Contract solicitation, Patient Services went from a "monthly amount" to an "amount per 'run'".

44. In order to submit its bid for the 2013 Prime Contract, W&T Travel conducted a detailed analysis of its requirements under the 2008 Prime Contract, and then converted such requirements to "runs," based on anticipated need, vehicle requirements, fuel, operators, etc.

45. The pricing by "run" approach was the critical difference between the way pricing was submitted on the 2008 Prime Contract and the way it was submitted on the 2013 Prime Contract.

46. Priority One participated in the make-up of the pricing bid with W&T Travel on the 2008 Prime Contract because it was a Subcontractor to Plaintiff, who was the Prime Contractor for that contract.   However, the pricing approach and strategy of the 2013 Prime Contract was conducted exclusively by W&T Travel.   Priority One currently has no knowledge of the pricing methodology used by W&T Travel.   Yet, the pricing approach was the only major difference between the NIH 2008 and 2013 solicitations.   Therefore, it can be assumed that the different

pricing methodology was a sustainable factor in NIH's determination to award W&T Travel the contract.

47.  W&T Travel's disclosure of its trade secrets and proprietary and confidential information to Priority One's controller would cause W&T Travel irreparable harm in its ability, or its team's ability, to compete for the NIH follow-on 2018 Prime Contract.  The controller is an *employee* at Priority One and regardless of such employee signing a paper, promising not to disclose such information to her bosses, or to not use such information in developing a pricing strategy for the 2018 Prime Contract, is not practical or credible.

48. Priority One's only stated reason for not being willing to accept the proprietary information through outside counsel and outside experts is that it did not want to go through the expense of hiring an expert.

49.  Accordingly, this Complaint is being brought forth in which Plaintiff seeks, a declaratory judgment, a temporary restraining order, a preliminary injunction and permanent injunctive relief.

## COUNT ONE – ABUSE OF DISCRETION

50.   W&T Travel re-alleges Paragraphs 1-49 as if set forth fully herein.

51.   R-23 of the AAA Commercial Arbitration Rules states that: "The arbitrator shall have the authority to issue any orders necessary ... to otherwise achieve a fair, efficient and economical resolution of the case, including without limitation:  (a) conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality." However, in violation of such rule, the Panel abuses its discretion by issuing an Order that clearly does not

"preserve confidentiality" in this case but instead forces Plaintiff to divulge its trade secrets, proprietary and confidential information directly to its competitor.

52. The Protective Order issued by the AAA's Panel in this case does not protect Plaintiff's proprietary and confidential commercial information because compliance from Priority One's controller, an employee of the company, is not realistic, verifiable or reasonable since the controller assists in developing the pricing for Priority One's competitive proposals to NIH. W&T Travel's proprietary information would in her head as she assists in developing the pricing strategy for the next NIH contract competition against Plaintiff. Her noncompliance with the Protective Order could be subconscious or even inadvertent. In not taking proper consideration of these issues, the AAA Panel's Order is arbitrary, capricious, and contrary to law.

## COUNT TWO – VIOLATION OF PUBLIC POLICY

52. W&T Travel re-alleges Paragraphs 1-51 as if set forth fully herein.

53. The Arbitration Panel's Order, requiring Plaintiff to disclose its proprietary and confidential business information, including its trade secrets directly to Priority One through its controller, is a violation of public policy.

54. Although the Federal Rules of Civil Procedure do not necessarily apply to arbitration proceedings, Rule 26(c) clearly provides universally acceptable public policy in protecting a party's trade secrets and proprietary and confidential business information from competitors, such rule are followed in some form or another by state courts as well as administrative tribunals. The AAA Panel's Order, however, is contrary to such public policy.

13

55.  Protective orders issued by the U.S. Court of Federal Claims, the General Accountability Office, routinely follow the universally accepted policy of restricting disclosure of a party's trade secrets and proprietary and confidential information to *only outside attorneys and experts.*  Moreover, the Freedom of Information Act and the ensuing case law therefrom give relevant guidance on the disclosure of a party's priority and confidential business information.  Although Plaintiff provided the Panel with such information, as well as sample Protective Orders from the afore-mentioned entities, the AAA's Panel's Order disregards any consideration of public policy in this arena.  Thus, the Panel's Order directing Plaintiff to disclose its proprietary and confidential business information directly to an employee of Priority One constitutes a manifest injustice to W&T Travel.

## COUNT THREE – UNLAWFUL TAKING OF CONSTITUTIONALLY PROTECTED PROPERTY INTEREST – TRADE SECRETS ACT

56.  W&T Travel re-alleges Paragraphs 1-55 as if set forth fully herein.

57.  W&T Travel's proprietary and confidential information constitute trade secrets that are protected under the Uniform Trade Secrets Act, which has been adopted by the State of Maryland.  Maryland law is the law under which this arbitration proceeding is being conducted in the absence of an applicable federal law.  Trade Secrets represent a constitutionally protected property interest.  The purpose of the Uniform Trade Secrets Act is to protect a party's constitutional property interest.

58.  W&T Travel possesses a pricing methodology which derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use and Plaintiff has taken efforts that are reasonable under the circumstances to maintain its secrecy.

59. In ordering Plaintiff to disclose its trade secrets to an employee of its Defendant competitor during an arbitration proceeding, the Panel has failed to adequately protect W&T Travel's trade secrets and forces Plaintiff to lose the trade secrets status of its proprietary information by directly disclosing such trade secrets to the *controller* of its primary competitor, Priority One. W&T Travel could no longer claim the status of its proprietary and confidential information as a trade secret because it would not meet the statutory definition of same.

60. Since it is not imperative to Order Plaintiff to disclose its trade secrets directly to the controller of Priority One in order to achieve a fair, efficient and economical resolution of this case, the AAA Panel's Order represents an unlawful taking of W&T Travel's constitutionally protected interest.

WHEREFORE, Plaintiff prays that this Court do the following:

a) Enter a declaratory judgment vacating that part of the Order of the Arbitration Panel of AAA, dated December 11, 2014, which requires W&T Travel to disclose its trade secrets and proprietary and confidential information directly to its competitor, Defendant Priority One, or to any employee of Priority One, including its controller and declaring that W&T Travel can only disclose such informati0on to Priority One' outside counsel and outside experts.

b) Enjoin temporarily, preliminarily and permanently that part of the Panel's Order of December 11, 2014, which requires W&T Travel to disclose its trade secrets, proprietary and confidential information directly to its competitor, Defendant Priority One.

c) Enjoin temporarily, preliminarily and permanently Defendant Priority One from seeking sanctions against W&T Travel as a result of this action;

d) Enjoin temporarily, preliminarily and permanently Defendant AAA from enforcing sanctions against W&T Travel as a result of this action;

e) Order Defendant Priority One to pay reasonable attorney's fees and costs to Plaintiff, as a result of forcing Plaintiff to bring this matter to Court;

f) Such other relief as this Court deems appropriate

January 2, 2015                                         Respectfully submitted,



Ralph C. Thomas III #256974
Attorney for Plaintiff
Barton Baker Thomas & Tolle LLP
1320 Old Chain Bridge Road, Suite 200
McLean, VA 22101
(703) 448-1810 ext. 23
Email: rthomas@bbttlaw.com